UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN  DIVISION


WALTER JAMES HART,

                       Petitioner,                    Case No. 1:15-cv-1282

v.                                          Honorable Janet T. Neff

SHERMAN CAMPBELL,

                       Respondent.

_____/


## **OPINION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

## Factual Allegations

Petitioner is incarcerated in the Carson City Correctional Facility. He pleaded guilty in the Oakland County Circuit Court to refusing to pay child support and to being an habitual offender, fourth offense. The trial court sentenced Petitioner to imprisonment of 46 months to 15 years. Petitioner filed an application for leave to appeal in the Michigan Court of Appeals raising the following claim of error:

> DEFENDANT-APPELLANT IS ENTITLED TO RESENTENCING BECAUSE THE TRIAL COURT ERRED IN SCORING THE GUIDELINES BY RELYING ON INACCURATE INFORMATION IN SCORING CHALLENGED OFFENSE VARIABLE 16 IN VIOLATION OF HIS STATE AND FEDERAL RIGHT TO DUE PROCESS.

The court of appeals denied Petitioner's application on October 25, 2013, for lack of merit in the grounds presented. Petitioner raised the same claim in the Michigan Supreme Court, which denied Petitioner's application for leave to appeal on March 3, 2015. Petitioner now raises the same claim in his application for habeas corpus relief.

## Discussion

Petitioner contends that the trial court relied upon inaccurate information when it scored ten points for Offense Variable 16 (OV 16), which concerns property obtained, damaged, lost, or destroyed. In order to score 10 points for OV 16 the trial court had to find (a) wanton or malicious damage occurred beyond that necessary to commit the crime for which the offender is not charged and will not be charged or (b) the property had a value of more than $20,000.00 or had significant historical, social, or sentimental value. MICH. COMP. LAWS § 777.46(1)(a)-(b). The statute further provides that all of the following apply to scoring offense variable 16:

> (a)    In multiple offender or victim cases, the appropriate points may be determined by adding together the aggregate value of the property involved,

        including property involved in uncharged offenses or charges dismissed under a plea agreement.

    (b)     In cases in which the property was obtained unlawfully, lost to the lawful owner, or destroyed, use the value of the property in scoring this variable. If the property was damaged, use the monetary amount appropriate to restore the property to pre-offense condition in scoring this variable.

    (c)     The amount of money or property involved in admitted but uncharged offenses or in charges that have been dismissed under a plea agreement may be considered.

MICH. COMP. LAWS § 777.46(2) (emphasis added). Petitioner argues that OV 16 was not relevant to the offense for which he pleaded guilty, and, thus, he should not have been scored any points under that offense variable.

        There is no constitutional right to individualized sentencing in non-capital cases. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978) (in a case holding that mitigating factors must be fully considered in death penalty cases, the Court "recognize[d] that, in noncapital cases, the established practice of individualized sentences rests not on constitutional commands, but on public policy enacted into statutes."). Since Petitioner has no federal right to an individualized sentence, this ground presents an issue of state law only. State-law claims typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief). While Petitioner argues that OV 16 did not pertain to his conviction for failure to pay child support, the provision expressly allows a trial court to consider property involved in uncharged offenses or charges

dismissed under the plea agreement. *See* MICH. COMP. LAWS § 777.46. Petitioner wholly fails to discuss possible application of this portion of the provision. Regardless, Petitioner has not alleged grounds for the Court to conclude that this is one of those rare instances where an alleged state-law sentencing error was so egregious that it led to a fundamentally unfair outcome. *See Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)).

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant

service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:   December 18, 2015              /s/ Janet T. Neff
                                        Janet T. Neff
                                        United States District Judge